# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAWN M. HELLER, | CASE NO. 5:14 CV 855 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| | **MEMORANDUM OPINION** |
| FINGERHUT CORPORATE HEADQUARTERS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Dawn Heller filed the above-captioned action against Fingerhut Corporate Headquarters, and Bain Capital. In the Complaint, Plaintiff asserts claims under the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C. § 1964(c), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2674, and §1346. She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That application is granted.

## Factual and Procedural Background

Plaintiff's Complaint is very disjointed. Fingerhut is a catalogue and internet retailer owned by Bluestream Brands, Inc. ("Bluestream"). Plaintiff claims Bain Capital ("Bain") provided funds to enable Bluestream to acquire Fingerhut. She alleges venture capitalists commit theft, embezzlement, and transfer the holdings of companies by federal partners or third parties. She states without context, "assumption of or trading in the property of another under the color of authority

with several statutory references to fair debt collection practices both against the Plaintiff and in thefts, embezzlements and acts (conspiracies) against the US Government and public at large." (ECF No. 1 at 2).

Plaintiff claims Fingerhut offers credit to customers to enable them to purchase items in monthly installments. She alleges they "have an embedded sub-prime credit vehicle which extends loans to their customers who otherwise can't afford the items in their catalogue so that these luxuries became attainable." (ECF No. 1 at 3). She states that practice in itself is not bad, but the same products are available at Walmart, K-Mart, and Target for lower prices. She contends that Fingerhut charges inflated rates for their products and then charges 15% interest on the financing charges because their shoppers lack the cash to buy the product outright.

Plaintiff asserts, without explanation, that the Defendants engage in unfair debt collection practices under 15 U.S.C. § 1692f. She further alleges they are liable under 18 U.S.C. § 654 which makes it a crime for one officer or employee of the United States to convert the property of another. She contends that the Defendants conspired against the government. She claims the United States is liable under 28 U.S.C. §2674, and §1346. She contends the Defendants are liable for civil RICO because they misrepresent policies of the operating corporation of crediting returns, fines, fees and interest. She alleges she continues to incur late fees in the amount of $35 or more "none of which were applicable on returned items, for items purchased as authorized under contract." (ECF No. 1 at 6). She states she was told she should withhold making payments to allow time for the amount on her return to be credited back and instead was assessed late fees including fees on the shipping charges. She wants adverse information as a result of these late fees to be removed from her credit reports.

## Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

### I. RICO

Plaintiff first claims the Defendants committed acts prohibited by RICO. Pursuant to 18

U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, §1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.

A "pattern of racketeering activity" requires at least two acts of "racketeering activity" which are set forth in Section 1961(1).[1] 18 U.S.C. § 1961(5). Under RICO, "unlawful debt" pertains to illegal

---

[1] 18 U.S.C. § 1961(1) defines a "racketeering activity" as: (A) any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: §201 (bribery),§ 224 (sports bribery), §§471, 472, and 473 (counterfeiting), §659 (theft from interstate shipment),§664 (embezzlement from pension and welfare funds), §891-894 (extortionate credit transactions), §1028 (fraud and in connection with identification documents), §1029 (fraud in connection with access devices), §1084 (transmission of gambling information), §1341 (mail fraud), §1343 (wire fraud), §1344 (financial institution fraud), §1425 (unlawful procurement of citizenship or nationalization), §1426 (reproduction of naturalization or citizenship papers), §1427 (sale of naturalization or citizenship papers),§ 1461-1465 (obscene matter), §1503 (obstruction of justice), §1510 (obstruction of criminal investigations), §1511 (obstruction of State or local law enforcement), §1512 (tampering with a witness, victim, or an informant), §1513 (retaliating against a witness, victim, or an informant), §1542 (false statement in application and use of passport), §1543 (forgery or false use of passport),§1544 (misuse of passport), §1546 (fraud and misuse of visas,), §§1581-1591 (slavery, and trafficking in persons), §1951 (interference with commerce, robbery, or extortion), §1952 (racketeering), §1953 (interstate transportation of wagering paraphernalia), §1954 (unlawful welfare fund payments), §1955 (illegal gambling businesses), §1956 (money laundering), §1957 (engaging in monetary transactions in property derived from specified unlawful activity), §1958 (use of interstate commerce in the commission of murder-for-hire), §§2251, 2251A, 2252, and 2260 (sexual exploitation of children), §§ 2312 and 2313 (interstate transportation of stolen motor vehicles), §§2314 and 2315 interstate transportation of stolen property), §2318 (trafficking in counterfeit labels for phonorecords, computer programs and motion pictures), §2319 (criminal infringement of a copyright), §2319A (unauthorized trafficking in sound recordings and music videos), §2320
(continued...)

gambling debt or debt unenforceable because of usury laws. 18 U.S.C. § 1961(6). Section 1961(6) does not criminalize interest rates based on the prime rate unless the rate is twice the usurious rate under state or federal law. To violate Section 1962(d), Plaintiff must demonstrate that a Defendant conspired with another person who commits two acts of racketeering activity. *United States v. Joseph,* 781 F.2d 549, 554 (6th Cir. 1986).

Furthermore, under RICO, a corporation cannot be both the "enterprise" and the "person" conducting or participating in the affairs of that enterprise. *Begala v. PNC Bank, Ohio, Nat. Ass'n,* 214 F.3d 776, 781 (6th Cir. 2000). *See Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1489 (6th Cir.1989). A corporation may not be liable under § 1962(c) for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members. *Begala,* 214 F.3d at 781. An organization cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself. *Id. See United States v. Computer Sciences Corp.,* 689 F.2d 1181, 1190 (4th Cir. 1982).

Plaintiff does not allege any facts to indicate she may have a viable claim against the

---

[1](...continued)
(trafficking in goods or services bearing counterfeit marks), §2321 (trafficking in certain motor vehicles or motor vehicle parts), §§2341-2346 (trafficking in contraband cigarettes), §§2421-24 (slave traffic), (C) any act which is indictable under title 29, United States Code, §186 (restrictions on payments and loans to labor organizations) or §501(c) (embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under §157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in §102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, § 274 (bringing in and harboring certain aliens), § 277 (aiding or assisting certain aliens to enter the United States), or §278 (importation of alien for immoral purpose) if the act indictable under such of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in §2332b(g)(5)(B).

Defendants under RICO. None of the allegations in her Complaint suggest either Bain or Fingerhut engaged in at least two acts of "racketeering activity" as defined in § 1961(1), or attempted to collect a gambling debt or attempted to collect a debt whose interest rate was twice the usurious rate under state or federal law. She has not demonstrated that either Defendant violated § 1962 (c). To sustain a claim under § 1962(d), Plaintiff must first demonstrate a violation of § 1962(c) and then allege sufficient facts to establish a conspiracy between the two Defendants. Because Plaintiff failed to suggest a violation of § 1962(c), she cannot sustain a claim under § 1962(d). Moreover, the only connection alleged between the two Defendants is that Bain provided venture capital to Bluestream to enable Bluestream to acquire Fingerhut. There is no direct connection between Fingerhut and Bain, nor is there any suggestion that either company conspired together for any purpose. Plaintiff's claims under RICO are dismissed.

## II. Fair Debt Collection Practices Act

Plaintiff asserts the Defendants engaged in unfair debt collection practices under 15 U.S.C. § 1692f by charging her late fees on unpaid shipping costs. The purpose of the Fair Debt Collection Practices Act ("FDCPA") is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The term "debt collector" has a particular meaning. It refers only to persons attempting to collect debts due "another." 15 U.S.C. § 1692(a)(6) ("The term 'debt collector' means any person who ... regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."); *see also Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 794 (W.D. Ky.2003) (considering it "well-settled" that "a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts"). Plaintiff does not allege Bain is involved in collecting any fees from her. Furthermore, Fingerhut

is the creditor in this situation. Based on the FDCPA definition, Fingerhut is not a "debt collector"; rather, it is the very party to whom the debt is due. Plaintiff's claims under the FDCPA are dismissed.

### III. Federal Tort Claims Act

Finally, Plaintiff asserts claims against the United States under the FTCA. As an initial matter, the United States is not a party to this action. Even if it were joined as a party, the FTCA would not apply. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the government may be sued and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967). Neither of the Defendants is a federal employee. The FTCA does not apply to this case.

### Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not
> (continued...)

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2014

---

[2](...continued)
    taken in good faith.

-8-